UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBIN L. ANDERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. C15-5272 RSM<br><br>ORDER ON SOCIAL SECURITY DISABILITY |

## I. INTRODUCTION

Plaintiff, Robin Lavonne Anderson, brings this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits and Supplemental Security Income disability benefits, under Title II and Title XVI of the Social Security Act. This matter has been fully briefed and, after reviewing the record in its entirety, the Court REVERSES IN PART AND AFFIRMS IN PART the Commissioner's decision.

## II. BACKGROUND

On September 20, 2010, Plaintiff filed an application for Disability Insurance Benefits, alleging disability commencing on October 8, 2008.[1] Tr. 16. Her application was denied initially on February 9, 2011, and upon reconsideration on May 2, 2011. *Id.* A hearing was

---

[1] She later amended her alleged onset date to June 23, 2009. Tr. 557.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 1

held before Administrative Law Judge ("ALJ") Jo Hoenninger on July 16, 2012, in Portland, OR. Tr. 16. On July 26, 2012, Judge Hoenninger issued an unfavorable decision. Tr. 16-25. Plaintiff requested a review by the Appeals Council, which denied Ms. Anderson's request, making the ALJ's decision the final agency decision on September 4, 2013. Tr. 1-5. Plaintiff then timely filed a judicial action.[2] Case No. C13-5968BHS.

While that judicial action was pending, Plaintiff filed a second application for Disability Insurance Benefits, along with an application for Supplemental Security Income, both of which were approved upon initial review. Tr. 478. On May 12, 2014, this Court entered a stipulated Order and Judgment, remanding the claim for further proceedings. Case No. C13-5968BHS, Dkts. #22 and #23. On July 7, 2014, the Appeals Council remanded the first claim to the hearing office for further proceedings. Tr. 501-502. The Council also noted that Plaintiff had filed subsequent applications for benefits, which had been granted, and directed the ALJ to evaluate the subsequent allowances pursuant to the reopening provisions set forth in 20 CFR 404.987-989, HALLEX I-2-9-1, and HALLEX I-2-9-10. Tr. 502.

On December 4, 2014, a hearing was held before ALJ Hoenninger. Tr. 351 and 420. Vocational expert Richard M. Hincks also appeared at the hearing. Tr. 351. Plaintiff was represented by counsel, Kevin Kerr. *Id.* On January 15, 2015, the ALJ issued an unfavorable decision, reopening the subsequent applications, and making a global finding of no disability. Tr. 363. Plaintiff declined to file written exceptions with the Appeals Council, and the Council did not on its own take review of the decision. As a result, the ALJ's decision became final on March 17, 2015. Tr. 348. Plaintiff then timely filed the instant judicial action.

///

---

[2] This Plaintiff is not to be confused with Robin Lee Anderson, who also had a judicial action pending before this Court in the same time period. *See* Case No. C13-1362BAT.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 2

## III.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## IV.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 3

> record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## V. EVALUATING DISABILITY

As the claimant, Ms. Anderson bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity" (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b).[3] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one

---

[3] Substantial gainful employment is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R § 404.1572.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 4

or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## VI.    ALJ DECISION

Utilizing the five-step disability evaluation process,[4] the ALJ found:

**Step one:** Ms. Anderson had not engaged in substantial gainful activity since June 23, 2009, the amended alleged onset date. Tr. 353.

---

[4] 20 C.F.R. §§404.1520, 416.920.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 5

**Step two:** Ms. Anderson had medical impairments that caused more than a minimal effect on her ability to perform basic work activities. Specifically, she suffered from the following "severe" impairments: left ankle status post fracture and repair, bilateral wrist pain, bilateral medial epicondylitis, lumbar and cervical degenerative disc disease, bilateral trochanteric bursitis, patellar dislocation versus lack of tracking, diverticulitis, and depression. Tr. 353.

**Step three:** These impairments are not severe enough to meet the requirements of any listed impairment in Appendix 1, Subpart P, Regulations No. 4. Tr. 353.

**Residual Functional Capacity:** Ms. Anderson has the RFC to perform less than the full range of light work as defined in 20 CFR 404.1567(b) as follows: The claimant can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; she can stand and walk 2 hours at one time up to a total of 4 hours in a 8-hour work day. The claimant can frequently finger bilaterally. She can frequently flex and extend the neck. She should avoid concentrated exposure to hazards, such as unprotected heights and exposed moving mechanical parts. The claimant has no understanding or memory limitations, and has no limitations on carrying out simple or detailed tasks; however, the claimant might be off task or miss work 5% of the time or less. Tr. 354.

**Step four:** Ms. Anderson was capable of performing her past relevant work as a customer service order clerk and incoming freight clerk, and such work would not require the performance of work-related activities precluded by the claimant's RFC. Tr. 362. Therefore, she was not disabled. Tr. 363.

///

///

## VII.   ISSUES ON APPEAL

Plaintiff now argues that the ALJ committed reversible error by: (1) reopening the subsequent allowance of benefits without making adequate findings; (2) improperly rejecting opinions regarding Plaintiff's physical capacity; and (3) formulating a mental RFC that failed to account for Plaintiff's functional limitations.

## VIII.   DISCUSSION

### A.  Reopened Subsequent Allowance of Benefits

Plaintiff first argues that the ALJ improperly reopened her subsequent allowance.  Dkt. #10 at 6-8.  The Court agrees.  A final determination of the Agency may be reopened under the following circumstances:

> (a) Within 12 months of the date of the notice of the initial determination, for any reason;
>
> (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in 404.989, to reopen the case; or
>
> (c) At any time if . . . it was obtained by fraud or similar fault.

20 CFR 404.988.

In this case, the initial determinations on the subsequent applications were made on October 8, 2013, and July 3, 2013, respectively.  Tr. 350.  The remand hearing was held on December 4, 2014, and the ALJ issued her decision on January 15, 2015.  More than 12 months passed between the initial determination and the ALJ's decision.  Accordingly, the allowance could not have been reopened under subparagraph (a).  Further, there is no indication in the file or the ALJ's opinion that the subsequent allowance was obtained through fraud or similar fault, and therefore the allowance could not have been reopened under subparagraph (c).

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 7

Accordingly, the only provision under which the ALJ could reopen the subsequent allowance was upon a finding of good cause.

Good cause for reopening can be found if:

(1) New and material evidence is furnished;

(2) A clerical error in the computation or recomputation of benefits was made; or

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

20 CFR 404.989(a). The regulation states: "We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made." 20 C.F.R. 404.989(b).

The Commissioner argues that there was good cause to reopen the subsequent allowance in this case based on new and material evidence concerning Plaintiff's diverticulitis. Dkt. #13 at 8-9. However, the ALJ made no findings at all as to the good cause for reopening the subsequent allowance. Indeed, her only statement on the matter was that "the claims in these three applications are the same, dealing with same facts and same allegations." Tr. 351. That statement does not reflect any of the bases upon which good cause may be established, and the Court declines to affirm the ALJ's decision on any basis that she has not set forth in her decision. Accordingly, this portion of the ALJ's decision is reversed and the previous decision finding Plaintiff disabled must be reinstated.

**B. The ALJ's Assessment of the Medical Evidence**

Plaintiff next argues that the ALJ improperly rejected opinions regarding Plaintiff's physical capacity, specifically her capacity to stand, sit and walk in an 8-hour day. Dkt. #10 at

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 8

8-11. Plaintiff asserts that the ALJ did not properly evaluate the opinions of Bassel Beitinjaneh, M.D., and Guthrie Turner, M.D. *Id.* The Court disagrees with Plaintiff.

An ALJ must provide specific, legitimate reasons to reject contradicted opinions of licensed physicians. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216, 1218 (9th Cir. 2007). If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas*, 278 F.3d at 954. Moreover, "[c]redibility determinations do bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and his diagnosed conditions." *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

   *1. Examining Physician, Bassel Beitinjaneh, M.D.*

An ALJ gives specific, legitimate reasons to discount contradicted opinions by providing a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation of the evidence, and making findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

On January 19, 2011, Dr. Beitinjaneh conducted a consultative exam of Plaintiff. Tr. 318-21. Dr. Beitinjaneh diagnosed back pain secondary to disk bulging disease; hip pain likely secondary to degenerative joint disease; and ankle pain, again secondary to degenerative joint disease. Tr. 321. He then assessed Plaintiff's functional limitations with respect to her ability to sit, stand, and walk:

1. Standing at one time without interruption is less than two hours in an eight-hour workday.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 9

2. Total time standing and walking in a workday is at least two hours but less than four hours in an eight-hour workday.

3. Sitting at one time without interruption is less than two hours in an eight hour workday.

4. Total time sitting in an eight-hour workday is at least two hours but less than four hours in an eight-hour workday.

*Id.* Dr. Beitinjaneh also opined that Plaintiff was limited to lifting and carrying 20 pounds occasionally, and 10 pounds frequently. Tr. 321 and 357-58. Dr. Beitinjaneh found no postural or manipulative limitations. *Id.*

The Court agrees with the Commissioner that the ALJ reasonably provided significant weight to most of Dr. Beitinjaneh's opinion, but she then noted some uncertainty in his opinion regarding the total number of hours for standing, walking, and sitting. Tr. 321 and 357. As discussed below, to resolve the ambiguity, the ALJ reasonably relied on additional medical evidence in the record, including the opinion evidence from examining and non-examining medical sources.

   *2. Examining Physician, Robert Thornton, M.D.*

In order to address the ambiguity with Dr. Beitinjaneh's opinion, the ALJ relied in part on the January 2013 opinion of Robert Thorton, M.D. Tr. 358 and 577-83. The opinion of an examining medical source can constitute substantial evidence to reject conflicting evidence. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Based on his objective findings from the "Employability Exam," Dr. Thornton opined that Plaintiff was limited to light work, lifting 20 pounds occasionally, 10 pounds frequently, and able to walk or stand for six hours in an 8-hour workday, and sit for most of the day. Tr. 358 and 578. The ALJ

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 10

provided significant weight to Dr. Thornton's opinion, including Plaintiff's ability to stand or walk for six hours in an 8-hour workday. While the ALJ placed significant weight on this opinion, she ultimately analyzed it in light of Dr. Beitinjaneh's opinions, and limited Plaintiff's walking, sitting and standing to a maximum of four hours.

### 3. *State Agency Physician, Guthrie Turner, M.D.*

Dr. Guthrie Turner, M.D., reviewed Plaintiff's file and also offered an opinion as to Plaintiff's physical capabilities. Tr. 98-108. Dr. Turner opined that Plaintiff was capable of lifting and carrying 10-20 pounds, could stand or walk for 2 hours and could sit for about 6 hours in an 8-hour workday. Tr. 104-105. The ALJ provided some weight to Dr. Turner's opinion, finding the exertional limits consistent with the medical evidence. Tr. 358.

The ALJ then reasonably synthesized the opinions of Dr. Beitinjaneh, Dr. Thornton, and Dr. Turner, and determined that Plaintiff could stand and walk for four hours and sit for four hours in an eight-hour workday. Tr. 104-05, 321, 354, 358 and 578. Plaintiff essentially asks the Court to re-weigh the evidence, based only on Dr. Beitinjaneh's opinion that Plaintiff could sit "less than" four hours in an 8-hour work day, and walk and stand "less than" four hours in an 8-hour work day. However, the ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). In this case, the Court declines to substitute its judgment over that of the ALJ, and finds that the ALJ's interpretation of the record was reasonable and supported by substantial evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (explaining that so long as the ALJ presents a reasonable interpretation that is supported by substantial evidence, a court may not "second-guess" it).

### C. Plaintiff's RFC

Finally, Plaintiff argues that the ALJ erred in formulating a mental RFC that failed to account for Plaintiff's functional limitations. Specifically, Plaintiff argues the ALJ's determination that she "might be off task or miss work 5% of the time or less" is an inadequate RFC limitation to account for Plaintiff's severe mental health condition. Tr. 354. The Court disagrees with Plaintiff.

The ALJ is responsible for resolving ambiguities in the records and translating the claimant's impairments into concrete functional limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *see also Davis v. Astrue*, 2012 U.S. Dist. LEXIS 119173, 2012 WL 4005553, *9 (D.Or. June 12), *adopted by* 2012 U.S. Dist. LEXIS 119120, 2012 WL 3614310 (D.Or. Aug. 21, 2012) ("it is the responsibility of the ALJ, not the claimant's physician, to determine [the RFC] and the ALJ's findings of RFC need not correspond precisely to any physician's findings") (citations and internal quotations omitted). The distinction between an ALJ's rejection of a medical opinion and interpretation of an opinion is "procedurally significant" because of the different standards of review. *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citations omitted).

Here, the ALJ found little evidence regarding treatment for Plaintiff's alleged mental impairment, with the exception of prescribed Zoloft. Tr. 263-65, 325 and 360. Indeed, ALJ Hoenninger stated:

> I find there is no longitudinal history of mental health diagnosis, treatment, or response to treatment to accurately assess the severity of the claimant's mental health condition other than to find that medication has stabilized whatever symptoms have been bothering the claimant. Based on the claimant's testimony and available medical records, I find the claimant has no limitations on understanding and memory, and claimant has no limitations on carrying out simple or detailed tasks. Affording the claimant the benefit of the doubt, I find that the claimant's affective disorder and

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 12

preoccupation with her health might cause the claimant to be off task or miss work 5% of the time or less.

Tr. 361.  This is consistent with the findings of examining psychologist Landon Poppleton, who determined that Plaintiff's results were within normal limits on tests for attention, recall, and concentration.  Tr. 313 and 360.  The ALJ also noted that Plaintiff had no difficulty reading, following directions, and interpreting proverbs that differed in complexity.  *Id*.  The ALJ gave Dr. Poppleton's opinion significant weight, which Plaintiff does not challenge.  Thus, the Court agrees with the Commissioner that based on this evidence, and Plaintiff's reported interests in reading, working on crossword puzzles, and playing board games, the ALJ reasonably found that Plaintiff had no understanding or memory limitations for simple or detailed tasks, but might be off-task or miss work 5% of the time or less.  *See* Tr. 232-34, 240-42, 313-14 and 354.  Accordingly, the ALJ's mental RFC assessment is affirmed.

### IX.    CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED IN PART and AFFIRMED IN PART.  This case is REMANDED for further administrative proceedings consistent with this Order.  On remand, Ms. Anderson's subsequent allowance of benefits shall be REINSTATED unless and until the Agency makes adequate findings to reopen the application or it conducts a continuing disability review.

DATED this 12th day of November 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE